Lee C. MARTIN, Petitioner,

v.

Dennis M. LUTHER, United States Parole Commission, et al., Respondents.

No. 81 C 3142.

United States District Court,
N. D. of Illinois, E. D.

June 11, 1981.

William H. Theis, Chicago, Ill., for petitioner.

Edward Moran, Asst. U. S. Atty., Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Before the court is Lee C. Martin's petition for a writ of habeas corpus filed on June 3, 1981, pursuant to 28 U.S.C. § 2241. The facts as stated in the petition are supplemented by the facts alleged in Martin's prior petition filed on April 20, 1981 (81 C 2202) and denied by this court on May 19, 1981, and by the government's response to Martin's prior petition.

Martin was convicted on two counts of distribution of narcotics on April 13 and 15, 1976. He was sentenced to two concurrent six year terms of imprisonment to be followed by a special parole term.

On October 12, 1979, the petitioner was released from prison pursuant to 18 U.S.C. § 4163. The mandatory release indicated that Martin would remain under the jurisdiction of the United States Parole Commission, as if on parole, as provided in 18 U.S.C. § 4164, until June 8, 1981.

On February 6, 1981, the Commission issued a mandatory release violator warrant for Mr. Martin on the basis of information that Mr. Martin had been arrested on January 9, 1981 by the Lombard, Illinois police and charged with unlawful delivery of marijuana and possession of dangerous drugs.

On March 11, 1981, Martin was arrested by the United States Marshal's Service and has been incarcerated at the Metropolitan Correctional Center in Chicago since that time.

After his arrest, Mr. Martin was scheduled for a preliminary hearing on April 1 and April 3, 1981. The preliminary hearing is required by 18 U.S.C. § 4214 to determine whether there was probable cause to believe that Martin violated a condition of his mandatory release. That statute provides, *inter alia*, that a preliminary hearing shall be conducted "without unnecessary delay," and that the parolee shall have an opportunity to be represented by an attorney retained by the parolee.

On April 3, 1981, Mr. Martin's retained counsel requested a thirty-day postponement to allow Mr. Martin to proceed with his defense of the state charges. The preliminary hearing was then scheduled for May 1, 1981 but on this date, petitioner's attorney was again unavailable and the hearing was postponed.

On April 20, 1981, Mr. Martin filed his first petition for a writ of habeas corpus requesting that this court set bail pending the Parole Commission's revocation determination and alleging that the failure of the Parole Commission to hold a preliminary hearing within ten days of his arrest on March 11, 1981 violated the due process clause of the Fifth Amendment and Parole Commission regulations. *See Morrissey v. Brewer*, 408 U.S. 471, 98 S.Ct. 2593, 53 L.Ed.2d 484 (1972). This court denied that petition on May 19, 1981 since the government's response indicated that the petitioner had agreed to a thirty-day postponement of the preliminary hearing and since there was nothing to indicate that the Parole Commission would not hold a hearing

promptly upon making contact with petitioner's attorney.

On June 3, 1981, Martin filed the present petition. Petitioner now claims that the jurisdiction of the United States Parole Commission expired as of June 8, 1981 and that he cannot now be held for an alleged violation of the conditions of his mandatory release.

18 U.S.C. § 4164 states that

A prisoner having served his term less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

18 U.S.C. § 4210 states in pertinent part that

(a) A parolee shall remain in the legal custody and under the control of the Attorney General until the expiration of the maximum term or terms for which such parolee was sentenced.

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—

(1) such jurisdiction shall terminate at an earlier date to the extent provided under section 4164

\* \* \* \* \* \*

(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond.

\* \* \* \* \* \*

Upon termination of the jurisdiction of the Commission over any parolee, the Commission shall issue a certificate or discharge to such parolee and to such other agencies as it may determine.

The issue as framed by petitioner's counsel is whether or not the Parole Commission has power to enter any order or make any determination regarding Martin's alleged violation of the terms of his mandatory release past the date on which its jurisdiction terminates under 18 U.S.C. § 4210.

■ There is no definition of "jurisdiction" as used in 18 U.S.C. § 4210 in the Parole Commission and Reorganization Act. Pub.L.No. 94–233, 90 Stat. 219, and petitioner's attorney naturally seeks to have this court construe "jurisdiction" as used with reference to the Parole Commission as synonymous with jurisdiction as it is used in Article III of the Constitution. While such a construction is reasonable on first glance, this court does not believe that Congress could have intended that the Parole Commission should not have the power to complete revocation procedures that were properly instituted prior to the time its "jurisdiction" terminates. The constitutional grant of jurisdiction to the federal courts contained in Article III and its strict construction during more than 200 years of this country's history does not control this court's construction of language used in a statute creating an independent regulatory agency enacted pursuant to Article I.

The legislative history of the Act creating 18 U.S.C. § 4210 sheds no direct light on the proper definition of "jurisdiction" as used therein, but it does indicate that the purposes to be served by the Act are at odds with petitioner's contention that an order revoking parole entered after "the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days" must be considered void.

In fact, the Parole Commission has recently adopted an amendment to 28 C.F.R. 2.44(d) which now reads:

(d) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture time . . . .

45 Fed.Reg. 84054 (1981) (to be codified in 28 C.F.R. § 2.44).

748

This court believes that this regulation is a reasonable interpretation of the Commission's power under 18 U.S.C. § 4210, especially in light of one of the major purposes of the Parole Commission and Reorganization Act. The conference committee report accompanying H.R. 5727 includes the following statement

It is not the purpose of this legislation to either encourage or discourage the parole of any prisoner or group of prisoners. Rather, the purpose is to assure the newly constituted Parole Commission *the tools required for the burgeoning caseload of required decisions and to assure the public and imprisoned inmates that parole decisions are openly reached after due consideration has been given the salient information.* (emphasis added).

H.R.Rep.No.94–838, 94th Cong., 2d Sess. 20 (1976) reprinted in [1976] U.S.Code Cong. & Adm.News, pp. 335, 351, 353.

Given this purpose of the Act, the Parole Commission's recent amendment of 28 C.F.R. § 2.44(d) is a reasonable one that is consistent with Congress' recognition of the pressures of a burgeoning caseload and the need for due consideration of the issues raised by parole revocation proceedings. *Cf. United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585 at 588 (7th Cir. 1980). To accept the petitioner's argument would frustrate these purposes. An alleged parole violator properly retaken shortly before the termination of "jurisdiction" would not necessarily be able to receive the full and fair consideration the Act seeks to provide.

■ This court believes that Congress used the term "jurisdiction" in § 4210 in the sense that the parolee's conduct would be subject to Parole Commission supervision until the expiration of his sentence, not that the Parole Commission would be divested of "subject-matter jurisdiction" to adjudicate claimed parole violations occurring prior to the termination of the parolee's sentence because of fortuitous circumstances surrounding the retaking of a parolee.

■ The Parole Commission's interpretation of its statutory authority is properly

entitled to deference in this case. Therefore, this court holds that the proper issuance of a warrant for the retaking of a parolee prior to the time that his maximum term less one hundred and eighty days expires "operates to bar the expiration of the parolee's sentence" and "maintains the Commission's jurisdiction ... to reach a final decision as to revocation of parole."

The petition for a writ of habeas corpus is DENIED.