**George PIZARRO, Petitioner,**

v.

**Dennis LUTHER, Warden, and U. S. Parole Commission, Respondents.**

**No. 81 C 4379.**

United States District Court,
N. D. Illinois, E. D.

Aug. 17, 1981.

William H. Theis, Chicago, Ill., for petitioner.

Thomas P. Sullivan, U. S. Atty. by Kevin Egan, Asst. U. S. Atty., Chicago, Ill., for respondents.

MEMORANDUM

LEIGHTON, District Judge.

This 28 U.S.C. § 2255 federal habeas corpus action is before the court in accordance with the provisions of Rule 4. After careful consideration of the petition, as well as petitioner's supporting memorandum, this court finds that it plainly appears from its face that George Pizarro is not entitled to relief, and accordingly, summarily dismisses this case.

After a jury trial, petitioner was convicted in December 1976 on one count of conspiracy to distribute heroin, and two counts of distribution of heroin. He was sentenced to a term of five years, followed by six years of special parole; the Seventh Circuit affirmed in December of 1977. On April 18, 1980, petitioner was released pursuant to a Certificate of Mandatory Release, which contained the following paragraph:

> Upon release the above-named person is to remain under the jurisdiction of the United States Board of Parole, as if on parole, as provided in Section 4164, Title 18, U.S.C., as amended, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until expiration of the maximum term or terms of sentence, less 180 days on August 3, 1981. He is to remain within the limits of Northern Illinois.

A Certificate of Special Parole is also attached to the petition for habeas corpus and it shows that petitioner is subject to a special parole term commencing August 3, 1981 and terminating August 2, 1987.

After being mandatorily released because of accumulated good time credit on April 18, 1981, petitioner was arrested on a Parole Commission warrant on May 7, 1981 for undisclosed reasons. As of August 3, the

date this petition was filed with this court, petitioner had received a preliminary hearing and is scheduled for a final hearing on August 18, 1981. He claims that on August 3, 1981, his mandatory release date, the Parole Commission loses all jurisdiction over him, and that he can no longer be held as a matter of law.

Plainly, *Martin v. Luther*, 515 F.Supp. 745 (N.D.Ill.1981) (Bua, J.) governs this case. In facts identical to those here, the court rejected petitioner's contention that the Parole Commission lost jurisdiction over him, and denied the petition for writ of habeas corpus. There, as here, petitioner was arrested for allegedly violating his parole after being mandatorily released pursuant to 18 U.S.C. § 4163, and, as here, was subject to a special parole term upon termination of his sentence. Because it is undisputable that *Martin* is controlling, this court denies the petition for writ of habeas corpus.

This court notes that counsel in the instant case also represented the petitioner in *Martin v. Luther, supra*, and directs attention to the American Bar Association Code of Professional Responsibility, DR 7–106(B)(1), which states:

> In presenting a matter to a tribunal, *a lawyer shall disclose* :
>
> (1) Legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel. (emphasis added)

Counsel for petitioner submitted a supporting memorandum to this court shortly after filing the petition, and failed to disclose that he had previously presented an identical argument to another judge of this district, unsuccessfully. This conduct, in the judgment of this court, is a violation of the disciplinary rule. The petition for writ of habeas corpus is denied, and the case is dismissed.