**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold Smith CHANCEY,**
**Defendant-Appellant.**

**No. 81–7618.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 29, 1982.
Rehearing and Rehearing En Banc
Denied Feb. 4, 1983.

Garland, Muckolls & Catts, Edward T.M. Garland, Walter M. Henritze, Atlanta, Ga., for defendant-appellant.

S. Lark Ingram, Andrew J. Ekonomou, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT and HENDERSON, Circuit Judges, and LYNNE[*], District Judge.

PER CURIAM:

Harold Smith Chancey appeals from the district court's order extending his term of probation from July 12, 1981, until July 12, 1982. Chancey makes two contentions on appeal. First, he argues that the district court lacked jurisdiction to extend his probation because his original term of probation had expired when his probation officer petitioned the court for extension. Second, he argues that assuming the court had jurisdiction, the facts brought out at the hearing did not warrant extension. We find both of these contentions without merit and affirm the district court's order extending probation.

The facts, as the district court found them, are as follows. On February 16, 1973, a federal district court sentenced Chancey on two indictments and one criminal information. Chancey was sentenced consecutively to four years imprisonment and four years probation. Chancey commenced the service of his prison sentence and was paroled on May 19, 1975. On February 2, 1977, ten days before Chancey's sentence of imprisonment and term of parole were to expire, the Parole Commission issued, but did not execute, a parole violator's warrant because Chancey had been indicted for a federal offense. The commission held the warrant in abeyance pending the disposition of that criminal charge. On July 13, 1977, the district court acquitted Chancey of that charge. On that date, the commission withdrew the warrant.

In March 1981, Chancey's probation officer petitioned the district court for an extension of Chancey's probation based on alleged violations of his conditions of probation. Specifically, during his period of probation, Chancey received two traffic tickets in federal district court jurisdictions other than those in which he was allowed to be present. Chancey argued not only that the court should not extend his probation based on the facts before it, but also that the court was without jurisdiction to do so. Chancey claimed that his period of probation had expired on February 12, 1981, eight years from the date his sentence was imposed. Therefore, his probation officer could not seek to extend his probation in March 1981, a time at which Chancey was no longer on probation. The court rejected this argument, holding that Chancey's term of probation did not commence until July 13, 1977, and thus, did not expire until July 13, 1981. The court ordered Chancey's probation extended until July 12, 1982. Chancey now appeals this order.[1]

■ First, we address Chancey's argument that the district court had no jurisdiction to extend his probation because his probation had expired before extension was sought. Chancey argues that he should be entitled to credit toward his term of probation for the period from February 12, 1977, until July 13, 1977, during which time the parole violator's warrant was issued but not executed. We reject this argument because Chancey's period of parole did not end until July 13, 1977, at which time the period of probation began. Thus, Chancey can be allowed no credit toward his term of probation for the period of February 12, 1977, to July 13, 1977.

The starting point of our analysis is the intent of the judge who sentenced Chancey. The sentences imposed were four years of imprisonment and four years of probation to commence upon the expiration of the first sentence. This consecutive sentencing evinces the court's intent first, that there be no hiatus between the end of the first

---

[*] Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. We note that although July 12, 1982, has passed, this case is not moot. On June 11, 1982, a federal district court issued a probation warrant against Chancey, and ordered Chancey to show cause why his probation should not be revoked. On October 29, 1982, the district court revoked Chancey's probation. The validity of this revocation depends on the validity of the extension involved in this appeal. Therefore, this appeal is not moot.

sentence and the beginning of the term of probation and, second, that there be no overlap between the end of the first sentence and the beginning of probation. Thus, to effectuate the intent of the sentencer, we must determine the date on which the first sentence ended. It is on this date that the term of probation began.

Our task is simple because of the following regulation promulgated by the Parole Commission: "The issuance of a [parole violator's warrant] suspends the running of a sentence until such time as the parolee may be retaken into custody and a final determination of the charges may be made by the Commission." 28 C.F.R. § 2.44(d) (1977).[2] Thus, under this regulation, Chancey's sentence did not expire until July 13, 1977, the date the Commission withdrew the warrant, at which time Chancey's period of probation began under the terms of his second sentence. Therefore, Chancey's probation was not to expire until July 13, 1981, and the district court had jurisdiction to act on a petition to extend Chancey's probation filed in March 1981.[3]

■ Chancey's second argument, that the facts did not warrant extension of probation, is similarly without merit. Initially, the determination whether to extend a term of probation is an area in which the trial court has great latitude. *Skipworth v. United States,* 508 F.2d 598, 602 (3d Cir. 1975). The court's task is to determine whether "the best interest of society warrants the continuation of supervision over the probationer." *Id.* (quoting *United States v. Squillante,* 144 F.Supp. 494, 497 (S.D.N.Y.1956)).

■ In this case, there was ample evidence to support the court's extension of Chancey's probation. It was uncontradicted that Chancey traveled outside those jurisdictions in which he was allowed. On two separate occasions, Chancey traveled from the Northern District of Georgia, where he was to remain, to the Southern District of Alabama and to the Middle District of Florida. Chancey's explanation was that his probation officer had told him he could travel outside the Northern District of Georgia if he was gone for less than 24 hours. Chancey also testified that he went to Florida to visit Disney World, that he went to Alabama to buy a mule, and that he returned to the Northern District of Georgia within 24 hours on both occasions. Chancey's probation officer testified that he told Chancey that Chancey could leave the Northern District of Georgia for a period of less than 24 hours, but only to go to certain parts of the Middle District of Georgia and of the District of South Carolina.

Confronted with the foregoing testimony, it was the district judge's task to determine the credibility of the witnesses. He chose to believe the probation officer and to discredit Chancey's testimony. The court was well within its discretion in doing so. The court was also well within its discretion in deciding that "the best interest of society" warranted the continued supervision of Chancey. Therefore, Chancey's second argument fails.

AFFIRMED.

---

2. This regulation is still in force today, with certain recent amendments that make clear that "the effect of the issuance of a Parole Commission warrant is not to stop the running of a sentence ... but such issuance does have the effect of preventing the sentence from actually expiring." 45 Fed.Reg. 84055 (1980). The regulation is "necessary ... to insure that the parolee's sentence does not expire (thus depriving the Commission of jurisdiction to revoke parole if he should be found guilty) during the period the criminal charges are pending." *Id.*

3. Chancey makes no attack on the validity of the Parole Commission's regulation or on its applicability to this case. Therefore, we have no reason to question either. We note, however, that the regulation appears well within the statutory authority of the Parole Commission under 18 U.S.C. § 4210 (1976). *See Martin v. Luther,* 515 F.Supp. 745 (N.D.Ill.1981).