**UNITED STATES Of America, Plaintiff–Appellee,**

v.

**Steven Robert EINSPAHR, Defendant–Appellant.**

Nos. 93–1467, 94–1058.

United States Court of Appeals, Tenth Circuit.

Sept. 12, 1994.

Vicki Mandell–King (Michael G. Katz, Federal Public Defender, was with her on the brief), Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Gregory C. Graf (Henry L. Solano, U.S. Atty., was with him on the brief), Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

Before MOORE, SETH, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Appellant Steven R. Einspahr appeals the district court's revocation of his probation. He maintains that the district court had no jurisdiction to act on the petition alleging probation violations because his term of probation had already expired. We assert jurisdiction under 28 U.S.C. § 1291 and affirm the district court's decision.

On November 19, 1985, Mr. Einspahr and codefendant Terry L. Gates pleaded guilty to a two-count Information charging use of a communication facility to distribute a controlled substance (psilocybin mushrooms), in violation of 21 U.S.C. §§ 843(b) and 843(c).

On January 6, 1986, Mr. Einspahr was sentenced to three years and nine months of imprisonment on Count I and four years of probation on Count II. In delivering the sentence on the latter count, the court stated: "As to Count II, imposition of sentence is suspended; the defendant is placed on probation for a period of four years to run consecutive to Count I." The court's judgment and commitment order contained substantially the same language with regard to

Count II: "imposition of sentence is suspended and the defendant is placed on probation for four years which is to run consecutive to Count I."

On April 13, 1987, Mr. Einspahr was granted parole. He was released from prison with a total of 914 days of his sentence on Count I remaining to be served. He remained under the jurisdiction of the United States Parole Commission during that period.

On October 13, 1989, Mr. Einspahr's term of parole ended, and the Probation Department activated his term of probation on Count II. On that day, Mr. Einspahr signed without protest a document entitled "Conditions of Probation," which restated the sentences and contained the following notation: "Probation commenced: October 13, 1989."

On October 1, 1993, a petition alleging that Mr. Einspahr committed four violations of probation and a warrant for his arrest were issued. The probation office subsequently filed two supplemental petitions containing ten additional violations of probation. On November 10, 1993, a probation revocation hearing was held before the district court. During the hearing, Mr. Einspahr moved to dismiss the case, claiming that the district court was without jurisdiction to act on the petition alleging probation violations because his term of probation had expired before the petition and arrest warrant were issued. The district court denied his motion to dismiss. At the conclusion of the hearing, the court found Mr. Einspahr guilty of 13 of the 14 probation violations and sentenced him to four years of imprisonment. On January 3, 1994, the court issued its formal "Order Finding that Defendant Violated His Terms of Probation and Denying Defendant's Motion to Dismiss." Mr. Einspahr now appeals the district court's Order to this court.

■ Mr. Einspahr maintains that the language used by the district court in delivering his original sentence was ambiguous, particularly because it differed from that used in sentencing his co-defendant, Terry Gates. In sentencing Mr. Gates, the court stated specifically that his probation on Count II was "to commence upon the completion of confinement." Mr. Einspahr argues that his own sentence should also be understood to indicate that his probationary term commenced upon his release from prison, on April 13, 1987, rather than upon completion of his parole term on Count I, on October 13, 1989. He contends that, because his probation term began upon his release from prison, the probation officer's petition setting out the probation violations came nearly two and one-half years after his probation term expired. Therefore, he claims that the district court lacked jurisdiction to consider the petition.

The government maintains that there was no ambiguity in the district court's sentence, and that the court clearly intended Mr. Einspahr's term of probation to commence at the end of the full three years and nine months term on Count I. Therefore, Mr. Einspahr was still on probation when the petition was filed.

We agree with the government, finding no ambiguity in the district court's sentence. The court's pronouncement of the sentence on Count II, which stipulated probation "for a period of four years to run consecutive to Count I," clearly indicated the court's intent that the probation term not run concurrently with any period of parole supervision.

The intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence. " '[T]he controlling consideration [in interpreting when a probation period commences] is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status.' " *U.S. v. King*, 990 F.2d 190, 192 (5th Cir.) (quoting *Sanford v. King*, 136 F.2d 106, 108 (5th Cir.1943)) (second alteration in original), *cert. denied*, —— U.S. ——, 114 S.Ct. 223, 126 L.Ed.2d 179 (1993). Here, the intent of the sentencing court is plain, both in the language used at the time of sentencing and in its subsequent reiteration of its earlier intent, as expressed in its Order Finding that Defendant Violated his Terms of Probation and Denying Defendant's Motion to Dismiss.

■ Consecutive sentences are designated as such precisely because no gap or overlap between the respective sentences is contem-

plated. As the Eleventh Circuit observed in *United States v. Chancey*, 695 F.2d 1275 (1982): "This consecutive sentencing evinces the court's intent first, that there be no hiatus between the end of the first sentence and the beginning of the term of probation and, second, that there be no overlap between the end of the first sentence and the beginning of probation." *Id.* at 1276–77. Unless the sentencing court specifically indicates that a consecutive sentence of probation begins at a prisoner's release from custody or confinement, the default assumption is that the full term of the earlier sentence must be completed before the probation period commences.

 The granting of parole to a prisoner does not terminate the sentence that he is serving. Rather, supervision in the prison setting is replaced with supervision by probation authorities. The confinement period and any subsequent period of parole supervision are best understood as two parts "of a single indivisible sentence." *United States v. Thompson*, 979 F.2d 743, 744 (9th Cir.1992). Accordingly, Mr. Einspahr's parole period must be regarded as part of his sentence on Count I. The hourglass was not turned to begin his probation until the conclusion of that parole period.

Furthermore, the actions of Mr. Einspahr suggest that he understood the intent of the court. No objection or request for clarification was made at the time of his original sentencing. At the conclusion of his parole period, he signed a "Conditions of Probation" document which specified that his probation commenced on October 13, 1989. He raised no objection at the time. Nor did he protest or seek termination of continued probation supervision at the point that he now claims was the end of his probation period.

Separation of powers considerations are also present here. Criminal sentencing exists at a nexus where legislative, judicial and executive prerogatives intersect. See *Mistretta v. U.S.*, 488 U.S. 361, 363–68, 109 S.Ct. 647, 650–53, 102 L.Ed.2d 714 (1989). Congress enjoys the right to determine the range of permissible sentences for particular crimes, the federal courts impose such sentences upon specific offenders, and the executive branch possesses the power to grant parole. Preserving this delicate balance of authority requires that the power of executive agencies with respect to parole not circumscribe the ability of the courts to set specific sentences. Therefore, it must be assumed that the granting of parole does not reduce the total length of a sentence imposed by a court, unless the sentencing court specifically concedes its prerogative by stating that a consecutive sentence of probation begins at release from confinement.

Accordingly, we find that the appellant's arguments have no merit and that the district court possessed jurisdiction over the appellant. The Order of the district court is AFFIRMED.