USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 94-1547 UNITED STATES, Appellee, v. JOHN P. FLYNN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ George F. Gormley with whom John D. Colucci was on brief for __________________ ________________ appellant. Jean L. Ryan, Assistant United States Attorney, with whom Paul M. ____________ _______ Gagnon, United States Attorney, was on brief for appellee. ______ ____________________ March 1, 1995 -------------------- STAHL, Circuit Judge. Defendant-appellant John P. STAHL, Circuit Judge. _____________ Flynn challenges the district court's revocation of his probation and imposition of a five-year prison sentence on the grounds that his probation had already expired and the district court therefore lacked jurisdiction. Flynn also attacks on due process grounds the district court's findings respecting two of his alleged thirteen probation violations. We affirm. I. I. __ BACKGROUND BACKGROUND __________ Flynn pled guilty in 1983 to one count of conspiracy to commit mail fraud ("Count I") and two counts of mail fraud ("Counts II/III"). On August 8, 1983, the district court imposed a five-year prison sentence for Count I and another five years for Counts II/III. The district court suspended the prison sentence for Counts II/III, however, and placed Flynn on probation for five years. At the sentencing hearing, the district court stated that "[t]he sentences herewith imposed on Counts II and III are ordered to run concurrently with one another, but consecutively to the sentence imposed for Count I." Similarly, the district court wrote in its Judgment and Probation/Commitment Order ("Sentencing Judgment") filed on August 8, 1983, that "[t]he sentences for Counts II and III are ordered to run concurrently with one another but consecutively to Count I." -2- 2 Flynn began serving his five-year Count I prison term on August 29, 1983. He was released on parole on June 27, 1986. On August 16, 1993 -- just shy of ten years from the date Flynn began serving his Count I sentence, and more than six years after he was released on parole -- Flynn's probation officer, Vincent Frost, filed a petition to revoke Flynn's probation, alleging that Flynn had committed thirteen probation violations since his release in 1986. The petition alleged in detail that Flynn had committed the crimes of threats of violence, forgery, theft, theft by deception, wire fraud, insurance fraud, bank fraud, and false statements to the Probation Office. It also alleged that Flynn had violated his probation by traveling to Colorado on a ski vacation and associating with a convicted felon, one of his former co-conspirators.1 Flynn's probation revocation hearing began on February 2, 1994, and lasted six days. On February 24, 1994, the district court issued its Memorandum Opinion, finding that the government had proved by a preponderance of the evidence that Flynn had committed forgery, theft by  ____________________ 1. The details of Flynn's violations are amply described in the district court's Memorandum Opinion. See United States ___ _____________ v. Flynn, 844 F. Supp. 856, 860-75 (D.N.H. 1994). Because _____ our decision is limited to a jurisdictional issue wholly separate from the probation violations themselves, we do not describe them in any detail. -3- 3 deception, credit card fraud,2 bank fraud, and making false statements, and had also violated probation by leaving the judicial district without permission and by associating with a convicted felon. On April 6, 1994, the district court imposed on Flynn the full five-year prison sentence it had earlier suspended -- the maximum sentence the court could impose under 18 U.S.C. 3565(a)(2) (limiting term of sentence upon revocation of probation to sentence available at time of initial sentencing). On appeal, Flynn asserts that his five-year probation term began to run upon his release from prison on June 27, 1986 and expired no later than June 27, 1991. Therefore, Flynn argues, the district court lacked jurisdiction to revoke his probation in 1993. The government contends that Flynn's probation did not commence until August 28, 1988, when Flynn completed his parole, and thus the  ____________________ 2. Although the crime of credit card fraud was not specifically alleged in the probation revocation petition, the government claimed in its hearing brief filed on the day the final revocation proceeding began that the same behavior that constituted wire fraud also constituted credit card fraud and theft by deception. The court found that the government had failed to prove an element of the crime of wire fraud, but that it had proved credit card fraud and theft by deception. See 844 F. Supp. at 865-68. Flynn ___ claims that because the government amended the charges against him on the day of his hearing, he did not have adequate notice and was therefore deprived of due process. We discuss this claim infra at Part II.B.  _____ -4- 4 probation revocation proceedings were initiated before Flynn's probation term expired.3 II. II. ___ DISCUSSION DISCUSSION __________ A. The District Court's Jurisdiction _____________________________________ "The intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence." United States v. Einspahr, 35 F.3d 505, 506 (10th _____________ ________ Cir.), cert. denied, 115 S. Ct. 531 (1994). See also United _____ ______ ___ ____ ______ States v. King, 990 F.2d 190, 192 (5th Cir.) (stating that ______ ____ sentencing court's intention is "controlling consideration" in determining commencement date of probation, as expressed  ____________________ 3. At oral argument, counsel for Flynn raised the novel argument that even under the government's interpretation of the consecutive sentences, Flynn's parole could have ended, and his probation could have commenced, no later than 180 days prior to August 28, 1988. This, counsel argued, is _____ because of 18 U.S.C. 4164, which states: A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days. Unfortunately for Flynn, the section only applies to "mandatory releasees," i.e., prisoners who must be released because they have served their entire term less time accrued for good conduct. See, e.g., Clay v. Henderson, 524 F.2d ___ ____ ____ _________ 921, 922-23 (5th Cir. 1975), cert. denied, 425 U.S. 995 _____ ______ (1976). Flynn was not a "mandatory releasee"; he was released on parole well before his mandatory release date, and thus he remained on parole for the full remainder of his entire five-year term. Id. ___ -5- 5 in "the language employed to create the probationary status")(quoting Sanford v. King, 136 F.2d 106, 108 (5th Cir. _______ ____ 1943)), cert. denied, 114 S. Ct. 223 (1993). At Flynn's 1983 _____ ______ sentencing hearing, the district court stated that the Count II/III sentence would run "consecutively to the sentence imposed for Count I." The Sentencing Judgment filed the same day ordered that the Count II/III sentence run "consecutively to Count I." The district court did not explicitly state __________ that Flynn's probation term must run consecutively to any parole granted to Flynn on Count I. Flynn would have us hold that because of the district court's "silence" on this issue, the sentencing language is ambiguous, and that the ambiguity must be resolved in Flynn's favor. We are not persuaded. It is true that the district court could have employed sentencing language that would have explicitly made Flynn's probation term consecutive to any parole served under Count I. The Ninth Circuit has urged courts to state explicitly and precisely when probation is to commence. For example, a probationary sentence could specify that the period of probation shall be consecutive to the confinement portion of the sentence served on a remaining count or counts or that the period of probation shall be consecutive to the sentence imposed on a remaining count or counts including any parole or other supervision _________________________________________ time. ____ United States v. Adair, 681 F.2d 1150, 1151 n.3 (9th Cir. _____________ _____ 1982) (emphasis added). While the use of such language by -6- 6 the district court probably would have obviated Flynn's appeal on this issue, we decline to convert the Ninth Circuit's suggested language into magic words a district court must utter to achieve its desired result. The district court "reveal[ed] with fair certainty" its intent and "exclude[d] any serious misapprehensions" about the nature of the sentence. United States v. Daugherty, 269 U.S. 360, 363 _____________ _________ (1926). Nothing in the district court's sentencing language suggested that the "sentence imposed for Count I" -- to which the probation term was expressly made consecutive -- did not include parole time. As the Tenth Circuit stated: The granting of parole to a prisoner does not terminate the sentence that he is serving. Rather, supervision in the prison setting is replaced with supervision by probation authorities. The confinement period and any subsequent period of parole supervision are best understood as two parts of a single indivisible sentence. Einspahr, 35 F.3d at 507 (internal quotation omitted). Cf. ________ ___ Jones v. Cunningham, 371 U.S. 236, 243 (1963) (holding that _____ __________ parole "significantly confine[d] and restrain[ed]" petitioner's freedom and therefore constituted "custody" amenable to habeas corpus relief); Anderson v. Corall, 263 ________ ______ U.S. 193, 196 (1923) (stating that release on parole with restrictions on freedom is "in legal effect imprisonment"); United States v. Williams, 15 F.3d 1356, 1359 n.3 (6th Cir.) ______________ ________ ("A paroled convict is still, as a matter of law, `in -7- 7 custody,' and continues to serve the `custodial term' of his or her sentence."), cert. denied, 115 S. Ct. 431 (1994). _____ ______ In Einspahr, the Tenth Circuit was presented with ________ facts almost identical to those presented here.4 The defendant in Einspahr received a forty-five month prison ________ sentence on one count and four years probation on another count, which the district court stated was "`to run consecutive to Count I.'" 35 F.3d at 505-06. The defendant was released after serving fifteen months in prison, leaving thirty months to serve on parole. At the conclusion of his parole, the Probation Department activated his four-year probation term on the second count. Two weeks before the defendant's probation term would have expired, the government initiated probation revocation proceedings. Just as Flynn argues now, the defendant in Einspahr claimed that his ________ probation term commenced when he was released from prison, ran concurrently with his parole, and had long since expired. The court, however, found "no ambiguity in the district court's sentence," stating that it "clearly indicated the court's intent that the probation term not run concurrently with any period of parole supervision." Id. at 506. The ___ court went on to state:  ____________________ 4. Indeed, we are surprised that neither party, and particularly the government, cited this case to us while directing our attention to a number of cases only tangentially relevant to the central issue. -8- 8 Unless the sentencing court specifically indicates that a consecutive sentence of probation begins at a prisoner's release from custody or confinement, the default assumption is that the full term of the earlier sentence must be completed before the probation period commences. Id. at 507. See also Williams, 15 F.3d at 1358, 1359 n.3 ___ ___ ____ ________ (stating in dictum that "a convict's probationary sentence begins not with parole" but only after completion of parole); United States v. Chancey, 695 F.2d 1275, 1276-77 (11th Cir. _____________ _______ 1982) ("This consecutive sentencing evinces the court's intent . . . that there be no overlap between the end of the first sentence and the beginning of probation."). We find the Tenth Circuit's reasoning persuasive and directly applicable to the facts of this case.5 The  ____________________ 5. The Tenth Circuit's interpretation of consecutive sentencing is supported by two other Circuit Court decisions that employ, without discussion, the identical interpretation. See Williams, 15 F.3d at 1358 (probation ___ ________ term ordered to run consecutive to prison sentence did not commence until parole completed); United States v. Wright, _____________ ______ 744 F.2d 1127, 1128 (5th Cir. 1984) (same). Other courts have held that probation terms imposed consecutively to another sentence begin upon release from prison if the sentencing courts clearly indicate such an intent. See, ___ e.g., United States v. Laughlin, 933 F.2d 786, 788 (9th Cir. ____ _____________ ________ 1991) (rejecting defendant's argument that probation term did not begin until parole had terminated; sentencing court ordered probation "to commence upon his release from prison"); King, 990 F.2d 190, 191 (5th Cir. 1993) (holding ____ that probation term ran concurrent with parole where sentencing order stated that probation term would "commence upon defendant's release from custody"). The King holding ____ appears to be inconsistent with authority cited above holding that parole is in fact custody. Both King and Laughlin, ____ ________ however, complement Williams and Wright in underscoring the ________ ______ central principle of Einspahr: that the most natural reading ________ of unadorned language imposing a probation term consecutive -9- 9 district court's sentencing language unambiguously expressed the court's intent to impose consecutive sentences. That all _________ parties, including Flynn, understood that Flynn's probation would not commence until he had served his entire sentence on ______ Count I is borne out by the fact that Flynn submitted without argument to supervision by the Probation Department during the years 1991-93, when he claims that he was by law a free man. Indeed, the lack-of-jurisdiction argument that Flynn -- a disbarred and, judging from some of his pro se petitions contained in the record, not unskilled lawyer -- now advances apparently did not even occur to him until after his probation was revoked by the district court. Of course, Flynn did not waive his jurisdictional argument by not raising it below, but his failure to do so undercuts his argument that there was any serious ambiguity in the district court's original sentence.6  ____________________ to a sentence on another count delays the commencement of probation until the entire previous sentence, including any ______ parole, has been completed. 6. In support of his argument, Flynn directs our attention to the Ninth Circuit's rulings in United States v. Adair, 681 _____________ _____ F.2d 1150 (9th Cir. 1982), and United States v. Carter, 827 _____________ ______ F.2d 546 (9th Cir. 1987). Both cases are unavailing. Adair _____ held that a defendant's probation term ran concurrently with his prison term on other counts because the sentencing court was utterly silent as to when the probation term should ______ commence. Adair, 681 F.2d at 1151. In such cases, the court _____ held, "there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining count or counts." Id. The Carter court then relied on this ___ ______ presumption in holding that probation began with the -10- 10 B. Due Process Challenges __________________________ Flynn also challenges on due process grounds two of the court's findings of probation violations. Flynn does not argue that the district court would not have revoked his probation or resentenced him to five years imprisonment in the absence of the challenged violations; indeed, the district court expressly stated that each of Flynn's ____ violations warranted the revocation of his probation. Flynn, _____ 844 F. Supp. at 875. Nevertheless, Flynn urges us to consider his due process argument because, he claims, the challenged violations could affect his eligibility for parole under the Parole Commission guidelines found at 28 C.F.R. 2.20-21. This, however, is sheer speculation; it is far from clear exactly what information the Parole Commission will use in determining Flynn's parole eligibility date, much less that the district court's findings as to the challenged violations will have a determinative impact on that date. Furthermore, we are not persuaded that the Parole Commission may not legitimately use this information, and, since we do not know if it will even enter the calculation of Flynn's  ____________________ commencement of the defendant's twenty-day prison sentence on __ the same count and thereafter ran concurrently with a parole ______________ term on other convictions. Carter, 827 F.2d 546, 548. Even ______ if we were to adopt the Ninth Circuit's presumption, Flynn could not reap its benefit, because the district court, far from being silent as to when Flynn's probation term should commence, expressly made the probation term consecutive to his Count I sentence. -11- 11 parole date, this issue is not before us. See Dye v. United ___ ___ ______ States Parole Comm'n, 558 F.2d 1376, 1379 (10th Cir. 1977) _____________________ ("the Commission is entitled to take into account factors which could not, for constitutional reasons, be considered by a court of law"). Thus, we need not decide the due process issues Flynn raises. III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the decision of the district court is Affirmed. Affirmed ________ -12- 12