IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50699
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

May 9, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:

Appellant Michael L. Lewis ("Lewis") appeals from the district court's revocation of his supervised release. Specifically, Lewis contends that, because the Parole Commission paroled him in 1998, his original sentence imposing supervised release must be invalid because supervised release and parole are mutually exclusive. Therefore, Lewis insists, the district court lacked jurisdiction over him to revoke his supervised release.

Lewis's argument contains two foundational assumptions, both flawed. The first is the notion that supervised release and parole are mutually exclusive; the second is the assertion that

subsequent acts of the Parole Commission could render invalid a prior, correct judgment.  We address each in turn.

Between 1970 and 1986, Congress enacted four different statutes[1] that set forth the sentences for substance abuse offenses.  Lewis is correct when he argues that not one of these statutes, standing alone, authorizes the imposition of both parole and supervised release.  But what Lewis ignores is that, in the complex interplay between the statutes' effective and repeal dates, some persons convicted of drug offenses, like Lewis, will find themselves on both parole and supervised release simultaneously.  This occurs because § 1002 the Anti-Drug Abuse Act of 1986 ("ADAA") mandates supervised release for all individuals convicted of drug offenses after October 26, 1986. See 21 U.S.C. § 841 (b)(1)(A) (containing the codification of § 1002); see also Gozlon-Peretz v. United States, 498 U.S. 395, 405 (1991) (holding that § 1002 took effect on the date of its enactment, October 27, 1986).  However, the "good conduct statutes," 18 U.S.C. §§ 4161-4164 (repealed 1987), according to which the United States Parole Commission calculated pre-guideline offenders' sentences, were not repealed until November 1, 1987.  See Sentencing Reform Act, Pub. L. 98-473, Tit. II, §

---

[1]     See Controlled Substances Act, Pub. L. No. 91-513, Tit. II, 84 Stat. 1242 (1970); Controlled Substances Penalties Amendment Act, Pub. L. No. 98-473, Tit. II, ch. V, 98 Stat. 2068 (1984); Sentencing Reform Act, Pub. L. 98-473, Tit. II, ch. II, 98 Stat. 1987 (1984); Anti-Drug Abuse Act, Pub. L. 99-570, 100 Stat. 3207 (1986).

235(a)(1) (1984) (providing for the repeal of the good conduct statutes, effective November 1, 1987). The good conduct statutes provide for mandatory early release based upon good conduct credits, and further posit that anyone so released shall be "deemed as if on parole." 18 U.S.C. § 4164. Therefore, for those individuals convicted of drug offenses that occurred during the year and four days between October 26, 1986 and November 1, 1987, the Parole Commission will calculate their sentences pursuant to the good conduct statutes—thereby allowing them to be paroled—but the district court will also sentence them to supervised release in accordance with the ADAA.[2]

We are cognizant of the fact that § 1002 of the ADAA also contained the language: "No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." We are thus confronted with a direct conflict between §§ 4161-4164 and § 1002 for the time period after October 26, 1996 and before November 1, 1997. However, where two statutes directly conflict, the more specific of the statutes controls. See In re Armstrong, — F.3d — (5th Cir. 2000), available at 2000 WL 263426 (5th Cir. (Tex.)), at * 4

---

[2] We emphasize that we are in no way implying that parole is automatic or mandatory for those individuals convicted of drug offenses occurring after October 26, 1986 and before November 1, 1987. The Parole Commission's grant of parole depends entirely on whether the individual incarcerated earned early parole through his good conduct. Our holding does not impact in the slightest the Parole Commission's decision-making process as to whether to grant parole; rather, we simply hold that the Parole Commission's determination to grant parole in this instance can be construed as being consistent with the law in effect at the time.

3

("One basic principle of statutory construction is that where two statutes appear to conflict, the statute addressing the relevant matter in more specific terms governs."). Here, we have general (though absolute) language in § 1002 barring parole contrasted with specific instructions for calculating sentence lengths, including parole, in §§ 4161-4164.[3] Moreover, § 235(a)(1) of the Sentencing Reform Act specifically mandated the repeal of §§ 4161-4164 on November 1, 1987, thereby eliminating the possibility that Congress intended implicitly to repeal §§ 4161-4164 with § 1002. See generally Jackson v. Stinnett, 102 F.3d 132, 135 (5th Cir. 1996) ("It is hornbook law that 'repeals by implication are not favored.'" (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987))). Therefore, despite the conflict, we hold that, for persons convicted of drug

---

[3] For instance, § 4161 states:

Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

Five days for each month, if the sentence is not less that six months and not more than one year.
Six days for each month, if the sentence is more than one year and less than three years.
Seven days for each month, if the sentence is not less than three years and less than five years.
Eight days for each month, if the sentence is not less than five years and less than ten years.
Ten days for each month, if the sentence is ten years or more.

When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

offenses occurring after October 26, 1986 and before November 1, 1987, the possibility exists—depending on the good conduct of the individual incarcerated and the calculations of the Parole Commission—that such individual might experience both parole and supervised release concurrently. Because parole and supervised release may coexist, we decline Lewis's invitation to infer error in the district court's judgment from the fact of the simultaneous presence of parole and supervised release in his post-incarceration life.

More fundamentally, however, Lewis's novel attempt to vitiate a valid district court judgment by means of his subsequent parole derives from an old error of logic: post hoc, ergo propter hoc. Lewis does not contest the validity of the district court's judgment when issued, nor could he successfully: supervised release was available and a valid condition on Lewis's freedom from incarceration. How the subsequent actions of the Parole Commission can transmogrify a valid district court judgment into an unenforceable edict Lewis does not explain, though this is the central premise of his argument. We need not attempt to intuit his reasoning, however, because his conclusion is plainly incorrect: no action of the Parole Commission's could invalidate the valid district court's judgment. From this perspective, even if parole and supervised release were mutually exclusive, the district court's judgment would still be valid because the separation of powers doctrine insulates the validity

5

of the district court's judgment from the subsequent acts of an executive agency like the Parole Commission.  See United States v. Einspahr, 35 F.3d 505, 507 (10th Cir. 1994) ("Preserving this delicate balance of authority requires that the power of executive agencies with respect to parole not circumscribe the ability of the courts to set specific sentences.").  Therefore, the fact of Lewis's parole in 1998 cannot cast doubt upon the propriety of the imposition of supervised release by the district court in 1993, and, once again, we reject Lewis's contention that the district court's judgment is invalid.

Because the district court judgment imposing supervised release is valid, the district court had jurisdiction over Lewis to revoke his supervised release.  We therefore affirm.

AFFIRMED