File Name: 05a0144n.06
Filed: February 23, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 03-6451**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KELLETT C. HURLEY, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Kellett Hurley appeals the district court's decision revoking his probation and sentencing him to five months of imprisonment. Hurley argues that the district court lacked jurisdiction. We affirm.

I. Facts and Procedural History

The jurisdictional issue here concerns two separate convictions, overlapping probation and parole periods, and tolling. In May 1995, the district court suspended Hurley's sentence and imposed three years of probation, for one count each of mail fraud and aiding and abetting, to run concurrently with a five-year probation sentence for an unrelated offense in a separate district-court case before a different judge. Some six months later, the district court—in the other case—revoked

Hurley's concurrently running five-year probation and sentenced him to prison, where he remained until his February 1999 release on parole. During Hurley's incarceration, the district court judge in this case, alerted to the probation revocation in the other case, tolled Hurley's probation in this case until the completion of his parole. Hurley's parole period ended on May 9, 2000. In October 2002, a probation officer petitioned the district court to revoke Hurley's probation in this case on grounds not disputed here. The district court then revoked probation and sentenced Hurley to five months in prison.

Hurley appeals, arguing that the district court lost jurisdiction to revoke his probation because, had his probation period resumed upon his 1999 prison release—as he says the law required—instead of upon the 2000 parole-completion date, the probation period would have expired in September 2001, depriving the district court of authority to revoke probation in 2002.

## II. Analysis

### A. The Federal Probation Act applies.

Hurley's jurisdictional argument turns on which of the two federal probation statutes applies to his 1995 sentence—the Sentencing Reform Act ("SRA") or the Federal Probation Act ("FPA"). Given the dates of Hurley's offenses, the FPA rather than the superseding statute, the SRA, controls here. Hurley argues that the district court lacked jurisdiction to revoke probation under the SRA, 18 U.S.C. § 3564, and if that Act ruled our analysis, he might be correct. The SRA, however, applies only to cases in which the defendant committed the underlying offense after November 1,

1987.  18 U.S.C. § 3564 note (Effective and Applicability Provisions); *see also United States v. Silver*, 83 F.3d 289, 291 (9th Cir. 1996).  Hurley's indictment charged him with crimes occurring in February 1986 and March 1987.  Therefore we do not look to the SRA in determining whether the district court properly revoked probation.  Instead, we look to the applicable earlier-enacted probation statute, the FPA, former 18 U.S.C. §§ 3651-3656.

Hurley asserts our review must apply the SRA because, by defending the court's jurisdiction at the district court under the SRA, the government waived the argument that the FPA should apply on appeal.  We, however, apply the correct law regardless.  *See Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 737 (6th Cir. 2000) ("[I]t is the district court's responsibility to apply the proper legal standard, regardless of the misconceptions by the parties.").

## B.  Analysis Under the Federal Probation Act

The district court properly tolled Hurley's probation sentence.  Under the FPA, a district court could order that probation commence after parole completion.  *See United States v. Einspahr*, 35 F.3d 505, 506 (10th Cir. 1994) (consecutive probationary sentence presumed to begin after parole completion); *United States v. Williams*, 15 F.3d 1356, 1359 n.3 (6th Cir. 1994) ("A paroled convict is still, as a matter of law 'in custody' [and a consecutive] probationary sentence begins . . . after [he] has 'served' the remainder of his . . . 'custodial' sentence.").  Further, tolling is appropriate where a probationer's own conduct removes him from probationary supervision—as in this case, where Hurley was imprisoned on an unrelated offense.  *See United States v. Gerson*, 302 F.2d 430,

No. 03-6451
*United States v. Hurley*

431 (6th Cir. 1962). Thus the district court properly tolled Hurley's probation until completion of his parole.

The FPA also allowed district courts to revoke, modify conditions of, or change the period of probation, so long as the total period of probation does not exceed five years. *Williams*, 15 F.3d at 1358. Because the district court acted within its authority by modifying the probation period, it had jurisdiction to revoke Hurley's probation. Therefore, we affirm.