**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LESLIE WATSON, JR.,

        Plaintiff-Appellant,

v.

JOE R. WILLIAMS, Secretary, New
Mexico Department of Corrections in
his individual capacity; JERALD
ARCHIBEQUE, Probation Officer,
New Mexico Department of
Corrections in his individual capacity;
YVONNE SANDOVAL, Probation
Officer, New Mexico Department of
Corrections in her individual capacity,

        Defendants-Appellees.

No. 08-2194
(D.C. No. 1:07-cv-01215-WJ-RLP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff Leslie Watson, Jr. sued his former probation officers and the

Secretary of the New Mexico Department of Corrections under 42 U.S.C § 1983,

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claiming violations of his due process and equal protection rights arising out of his failure to receive good-time credits during his incarceration or the benefit of concurrent sentences with respect to his parole and probation. Concluding Watson had failed to allege the deprivation of a constitutionally protected right, the district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I.

In February 2000, Watson pled guilty to a single felony count and was sentenced to six years of incarceration, followed by two years of parole, and three years of probation. He began serving his sentence on June 1, 2000, after receiving 395 days of jail-time credit for time served. In December 2002, he was placed on "in house" parole[1] and in August 2004, he was released on probation. He alleges that during this time period, he repeatedly requested to serve his parole and probation sentences concurrently, rather than consecutively, and that he be awarded good-time credits for successfully participating in the prison's reintegration program. According to his complaint, his probation officers, defendants Jerald Archibeque and Yvonne Sandoval, never acted on, and therefore effectively denied, these requests. As a result, he claims that he "continued to have his liberty restricted beyond the date that he would otherwise

_____

[1] "In-house parolees are offenders who are serving their parole time in prison instead of in the community." Aplee Br. at 5 n.1.

have been released from supervision." Aplt. App. at 11. In December 2005, Watson filed a petition for habeas corpus in state court claiming he was entitled to be released based on these arguments.[2] The habeas case was settled in June 2006 under terms that Watson claims awarded him good-time credits and concurrent calculation of his parole and probation sentences.

In December 2007, he filed this action in federal court, claiming that his probation officers' failure to act on his requests violated his Fourteenth Amendment rights to due process and equal protection.[3] He also included a claim for supervisory liability against defendant Joe R. Williams, Secretary of the New Mexico Department of Corrections. The defendants filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim and also argued they were entitled to qualified immunity. In granting the motion, the district court

---

[2]     Watson failed to provide us with a copy of his habeas petition or the stipulation upon which it was dismissed. We assume from his argument, however, that the petition claimed he was entitled to be released on or about December 2, 2005, which would have been three years from the date of his placement on "in house" parole.

[3]     Paragraph 14 of the First Amended Complaint quotes the Fourth Amendment to the United States Constitution, but there is no other reference to the Fourth Amendment, and the complaint states no facts that would give rise to an unlawful seizure claim. Moreover, none of the enumerated claims seek relief under the Fourth Amendment. Curiously, the district court nonetheless engaged in a Fourth Amendment analysis, which the defendants urge us to adopt here. This is unnecessary. It is sufficient to note that Watson's complaint contains no facts that could plausibly support a Fourth Amendment claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-64 (2007) (instructing lower courts to look for plausibility in the complaint in reviewing motions to dismiss under Rule 12(b)(6)).

concluded Watson had no constitutionally protected right either to earn good-time credits or to serve his parole and probation concurrently. The court rejected his equal protection claim because he failed to allege that he was treated differently from other similarly situated inmates. It therefore held he had failed to allege a cognizable claim under § 1983.

## II.

We review a dismissal under Rule 12(b)(6) de novo to determine whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quotation omitted). In a § 1983 case, we look specifically to whether the plaintiff has alleged sufficient facts to state a violation of a federal right. *See Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). For the reasons explained below, Watson's complaint falls short of this requirement.

## A.

Watson asserts that New Mexico law creates a constitutionally-protected liberty interest in earning good-time credits. We have already flatly rejected this argument. The then-applicable New Mexico statute indisputably gave the state discretion to award such credits. *See* N.M.S.A. § 33-2-34(A) (1998) ("Any inmate . . . *may be awarded* a meritorious deduction of thirty days per month upon recommendation of the classification committee and approval of the

warden") (emphasis added). As such it is well settled that Watson had no entitlement to good-time credits "and thus no liberty interest is involved." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). He nonetheless continues to press this argument, contending the New Mexico Supreme Court in *Brooks v. Shanks*, 885 P.2d 637 (N.M. 1994), placed substantive limits on the state's ability to revoke good-time credits and thereby recognized a liberty interest in such credits protected by due process. We agree with this interpretation of *Brooks*, but it does not help Watson here because this case does not concern the divestment of credits already earned. Watson was never awarded good-time credits, and we find no indication in the New Mexico statute that the awarding of such credits was mandatory. Therefore, he has no cognizable claim for the denial of good-time credits under § 1983.

We also reject Watson's liberty interest claim based on the calculation of his parole and probation sentences. He claims New Mexico law granted him the right to have these sentences calculated concurrently, rather than consecutively. Even if this were true, which itself is not supported by the cases he cites, the deprivation of a right protected under state law does not necessarily give rise to a § 1983 claim. "Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law." *Jones*, 854 F.2d at 1209. Thus, only if federal law required concurrent calculation of his parole and probation sentences does he have a

cognizable claim against the defendants for failing to do so. Watson cites no authority for this proposition. Indeed, our precedent is to the contrary.

We have held that unless the sentencing court specifically indicates otherwise, the full term of a sentence, including any period of parole supervision, must be completed before the probation period commences. *United States v. Einspahr*, 35 F.3d 505, 507 (10th Cir. 1994). We explained that "[t]he granting of parole to a prisoner does not terminate the sentence that he is serving," but merely replaces one type of supervision for another. *Id.* Accordingly, "[t]he confinement period and any subsequent period of parole supervision are best understood as two parts of a single indivisible sentence." *Id.* (quotation omitted). Unlike here, *Einspahr* involved federal parole and probation sentences, which corresponded to two separate counts. But its central holding nonetheless eviscerates any argument that federal law somehow mandates that parole and probation sentences be calculated concurrently.[4]

---

[4] We also note Watson's complaint does not accuse the defendants of deliberately depriving him of his liberty interest with respect to either the good-time credits or the calculation of his sentence. This alone is sufficient to doom his claims, as it has long been established "that something more than a mere negligent act is required to trigger the protections" of due process. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *see also Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008) (Observing that "negligent government conduct is insufficient to prove liability under § 1983.").

B.

Finally, we conclude that Watson's complaint does not state an equal protection claim, which requires a threshold allegation that the plaintiff was treated differently from similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Watson's complaint states only that he "was deprived of his liberty in violation of his equal protection rights." Aplt. App. at 13. He offers no additional information beyond that and fails to identify, or explain how he was treated differently from, any similarly situated individuals. Equally dispositive, he has failed to allege any unequal treatment due to his membership in a protected class or group.[5] In fact, the bare allegation in his complaint relating to his equal protection claim is too conclusory to even permit a proper legal analysis. *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). It was therefore properly dismissed under Rule 12(b)(6).

C.

As to the claim against defendant Williams, he cannot be held liable in his individual capacity for the actions of his probation officers under a theory of supervisory liability if there was no violation of Watson's constitutional rights.

---

[5] Unlike the district court, we are not inclined to read a class-of-one claim into the bare allegations of Watson's complaint.

*See Martinez v. Beggs*, __ F.3d __, 2009 WL 1058058, at \*7-8 (10th Cir. 2009).

Since Watson failed to allege a constitutional deprivation, as a matter of law, he also failed to allege a cognizable claim against Williams.

III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge