**UNITED STATES, Appellee,**

v.

**John P. FLYNN, Defendant, Appellant.**

**No. 94–1547.**

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1995.

Decided March 1, 1995.

---

George F. Gormley with whom John D. Colucci, Cambridge, MA, was on brief, for appellant.

Jean L. Ryan, Asst. U.S. Atty., with whom Paul M. Gagnon, U.S. Atty., Concord, NH, was on brief, for appellee.

Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.

STAHL, Circuit Judge.

Defendant-appellant John P. Flynn challenges the district court's revocation of his probation and imposition of a five-year prison sentence on the grounds that his probation had already expired and the district court therefore lacked jurisdiction. Flynn also attacks on due process grounds the district court's findings respecting two of his alleged thirteen probation violations. We affirm.

## I.

### BACKGROUND

Flynn pled guilty in 1983 to one count of conspiracy to commit mail fraud ("Count I") and two counts of mail fraud ("Counts II/ III"). On August 8, 1983, the district court imposed a five-year prison sentence for Count I and another five years for Counts II/III. The district court suspended the prison sentence for Counts II/III, however, and placed Flynn on probation for five years. At the sentencing hearing, the district court stated that "[t]he sentences herewith imposed on Counts II and III are ordered to run concurrently with one another, but consecutively to the sentence imposed for Count I." Similarly, the district court wrote in its Judgment and Probation/Commitment Order ("Sentencing Judgment") filed on August 8, 1983, that "[t]he sentences for Counts II and III are ordered to run concurrently with one another but consecutively to Count I."

Flynn began serving his five-year Count I prison term on August 29, 1983. He was released on parole on June 27, 1986. On August 16, 1993—just shy of ten years from the date Flynn began serving his Count I sentence, and more than six years after he was released on parole—Flynn's probation officer, Vincent Frost, filed a petition to revoke Flynn's probation, alleging that Flynn had committed thirteen probation violations since his release in 1986. The petition alleged in detail that Flynn had committed the crimes of threats of violence, forgery, theft, theft by deception, wire fraud, insurance fraud, bank fraud, and false statements to the Probation Office. It also alleged that Flynn had violated his probation by traveling to Colorado on a ski vacation and associating with a convicted felon, one of his former co-conspirators.[1]

Flynn's probation revocation hearing began on February 2, 1994, and lasted six days. On February 24, 1994, the district court issued its Memorandum Opinion, finding that the government had proved by a preponderance of the evidence that Flynn had committed forgery, theft by deception, credit card fraud,[2] bank fraud, and making false state-

---

1. The details of Flynn's violations are amply described in the district court's Memorandum Opinion. *See United States v. Flynn,* 844 F.Supp. 856, 860–75 (D.N.H.1994). Because our decision is limited to a jurisdictional issue wholly separate from the probation violations themselves, we do not describe them in any detail.

2. Although the crime of credit card fraud was not specifically alleged in the probation revocation petition, the government claimed in its hearing brief filed on the day the final revocation proceeding began that the same behavior that constituted wire fraud also constituted credit card fraud and theft by deception. The court

ments, and had also violated probation by leaving the judicial district without permission and by associating with a convicted felon. On April 6, 1994, the district court imposed on Flynn the full five-year prison sentence it had earlier suspended—the maximum sentence the court could impose under 18 U.S.C. § 3565(a)(2) (limiting term of sentence upon revocation of probation to sentence available at time of initial sentencing).

██ On appeal, Flynn asserts that his five-year probation term began to run upon his release from prison on June 27, 1986 and expired no later than June 27, 1991. Therefore, Flynn argues, the district court lacked jurisdiction to revoke his probation in 1993. The government contends that Flynn's probation did not commence until August 28, 1988, when Flynn completed his parole, and thus the probation revocation proceedings were initiated before Flynn's probation term expired.[3]

## II.

### DISCUSSION

*A. The District Court's Jurisdiction*

██ "The intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence." *United States v. Einspahr*, 35 F.3d 505, 506 (10th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 531, 130 L.Ed.2d 434 (1994). *See also United States v. King*, 990 F.2d 190, 192 (5th Cir.) (stating that sentencing court's intention is "controlling consideration" in determining commencement date of probation, as ex-

pressed in "the language employed to create the probationary status") (quoting *Sanford v. King*, 136 F.2d 106, 108 (5th Cir.1943)), *cert. denied*, —— U.S. ——, 114 S.Ct. 223, 126 L.Ed.2d 179 (1993). At Flynn's 1983 sentencing hearing, the district court stated that the Count II/III sentence would run "consecutively to the sentence imposed for Count I." The Sentencing Judgment filed the same day ordered that the Count II/III sentence run "consecutively to Count I." The district court did not *explicitly* state that Flynn's probation term must run consecutively to any parole granted to Flynn on Count I. Flynn would have us hold that because of the district court's "silence" on this issue, the sentencing language is ambiguous, and that the ambiguity must be resolved in Flynn's favor. We are not persuaded.

It is true that the district court could have employed sentencing language that would have explicitly made Flynn's probation term consecutive to any parole served under Count I. The Ninth Circuit has urged courts to

> state explicitly and precisely when probation is to commence. For example, a probationary sentence could specify that the period of probation shall be consecutive to the confinement portion of the sentence served on a remaining count or counts or that the period of probation shall be consecutive to the sentence imposed on a remaining count or counts *including any parole or other supervision time.*

*United States v. Adair*, 681 F.2d 1150, 1151 n. 3 (9th Cir.1982) (emphasis added). While

---

found that the government had failed to prove an element of the crime of wire fraud, but that it had proved credit card fraud and theft by deception. *See* 844 F.Supp. at 865–68. Flynn claims that because the government amended the charges against him on the day of his hearing, he did not have adequate notice and was therefore deprived of due process. We discuss this claim *infra* at Part II.B.

**3.** At oral argument, counsel for Flynn raised the novel argument that even under the government's interpretation of the consecutive sentences, Flynn's parole could have ended, and his probation could have commenced, no later than 180 days *prior* to August 28, 1988. This, counsel argued, is because of 18 U.S.C. § 4164, which states:

> A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

Unfortunately for Flynn, the section only applies to "mandatory releasees," i.e., prisoners who must be released because they have served their entire term less time accrued for good conduct. *See, e.g., Clay v. Henderson*, 524 F.2d 921, 922–23 (5th Cir.1975), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2210, 48 L.Ed.2d 820 (1976). Flynn was not a "mandatory releasee"; he was released on parole well before his mandatory release date, and thus he remained on parole for the full remainder of his entire five-year term. *Id.*

the use of such language by the district court probably would have obviated Flynn's appeal on this issue, we decline to convert the Ninth Circuit's suggested language into magic words a district court must utter to achieve its desired result. The district court "reveal[ed] with fair certainty" its intent and "exclude[d] any serious misapprehensions" about the nature of the sentence. *United States v. Daugherty*, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926). Nothing in the district court's sentencing language suggested that the "sentence imposed for Count I"—to which the probation term was expressly made consecutive—did not include parole time. As the Tenth Circuit stated:

> The granting of parole to a prisoner does not terminate the sentence that he is serving. Rather, supervision in the prison setting is replaced with supervision by probation authorities. The confinement period and any subsequent period of parole supervision are best understood as two parts of a single indivisible sentence.

*Einspahr*, 35 F.3d at 507 (internal quotation omitted). *Cf. Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (holding that parole "significantly confine[d] and restrain[ed]" petitioner's freedom and therefore constituted "custody" amenable to habeas corpus relief); *Anderson v. Corall*, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247 (1923) (stating that release on parole with restrictions on freedom is "in legal effect imprisonment"); *United States v. Williams*, 15 F.3d 1356, 1359 n. 3 (6th Cir.) ("A paroled convict is still, as a matter of law, 'in custody,' and continues to serve the 'custodial term' of his or her sentence."), *cert. denied*, —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994).

In *Einspahr*, the Tenth Circuit was presented with facts almost identical to those presented here.[4] The defendant in *Einspahr*

received a forty-five month prison sentence on one count and four years probation on another count, which the district court stated was "'to run consecutive to Count I.'" 35 F.3d at 505–06. The defendant was released after serving fifteen months in prison, leaving thirty months to serve on parole. At the conclusion of his parole, the Probation Department activated his four-year probation term on the second count. Two weeks before the defendant's probation term would have expired, the government initiated probation revocation proceedings. Just as Flynn argues now, the defendant in *Einspahr* claimed that his probation term commenced when he was released from prison, ran concurrently with his parole, and had long since expired. The court, however, found "no ambiguity in the district court's sentence," stating that it "clearly indicated the court's intent that the probation term not run concurrently with any period of parole supervision." *Id.* at 506. The court went on to state:

> Unless the sentencing court specifically indicates that a consecutive sentence of probation begins at a prisoner's release from custody or confinement, the default assumption is that the full term of the earlier sentence must be completed before the probation period commences.

*Id.* at 507. *See also Williams*, 15 F.3d at 1358, 1359 n. 3 (stating in dictum that "a convict's probationary sentence begins not with parole" but only after completion of parole); *United States v. Chancey*, 695 F.2d 1275, 1276–77 (11th Cir.1982) ("This consecutive sentencing evinces the court's intent ... that there be no overlap between the end of the first sentence and the beginning of probation.").

We find the Tenth Circuit's reasoning persuasive and directly applicable to the facts of this case.[5] The district court's sentencing

---

**4.** Indeed, we are surprised that neither party, and particularly the government, cited this case to us while directing our attention to a number of cases only tangentially relevant to the central issue.

**5.** The Tenth Circuit's interpretation of consecutive sentencing is supported by two other Circuit Court decisions that employ, without discussion, the identical interpretation. *See Williams*, 15

F.3d at 1358 (probation term ordered to run consecutive to prison sentence did not commence until parole completed); *United States v. Wright*, 744 F.2d 1127, 1128 (5th Cir.1984) (same). Other courts have held that probation terms imposed consecutively to another sentence begin upon release from prison if the sentencing courts clearly indicate such an intent. *See, e.g., United States v. Laughlin*, 933 F.2d 786, 788 (9th

language unambiguously expressed the court's intent to impose consecutive *sentences.* That all parties, including Flynn, understood that Flynn's probation would not commence until he had served his *entire* sentence on Count I is borne out by the fact that Flynn submitted without argument to supervision by the Probation Department during the years 1991–93, when he claims that he was by law a free man. Indeed, the lack-of-jurisdiction argument that Flynn—a disbarred and, judging from some of his pro se petitions contained in the record, not unskilled lawyer—now advances apparently did not even occur to him until after his probation was revoked by the district court. Of course, Flynn did not waive his jurisdictional argument by not raising it below, but his failure to do so undercuts his argument that there was any serious ambiguity in the district court's original sentence.[6]

### B. Due Process Challenges

Flynn also challenges on due process grounds two of the court's findings of probation violations. Flynn does not argue that the district court would not have revoked his probation or resentenced him to five years imprisonment in the absence of the challenged violations; indeed, the district court expressly stated that *each* of Flynn's violations warranted the revocation of his probation. *Flynn,* 844 F.Supp. at 875. Nevertheless, Flynn urges us to consider his due process argument because, he claims, the challenged violations could affect his eligibility for parole under the Parole Commission guidelines found at 28 C.F.R. §§ 2.20–21. This, however, is sheer speculation; it is far from clear exactly what information the Parole Commission will use in determining Flynn's parole eligibility date, much less that the district court's findings as to the challenged violations will have a determinative impact on that date. Furthermore, we are not persuaded that the Parole Commission may not legitimately use this information, and, since we do not know if it will even enter the calculation of Flynn's parole date, this issue is not before us. *See Dye v. United States Parole Comm'n,* 558 F.2d 1376, 1379 (10th Cir.1977) ("the Commission is entitled to take into account factors which could not, for constitutional reasons, be considered by a court of law"). Thus, we need not decide the due process issues Flynn raises.

### III.

### CONCLUSION

For the foregoing reasons, the decision of the district court is

*Affirmed.*

---

Cir.1991) (rejecting defendant's argument that probation term did not begin until parole had terminated; sentencing court ordered probation "to commence upon his release from prison"); *King,* 990 F.2d 190, 191 (5th Cir.1993) (holding that probation term ran concurrent with parole where sentencing order stated that probation term would "commence upon defendant's release from custody"). The *King* holding appears to be inconsistent with authority cited above holding that parole is in fact custody. Both *King* and *Laughlin,* however, complement *Williams* and *Wright* in underscoring the central principle of *Einspahr:* that the most natural reading of unadorned language imposing a probation term consecutive to a sentence on another count delays the commencement of probation until the *entire* previous sentence, including any parole, has been completed.

**6.** In support of his argument, Flynn directs our attention to the Ninth Circuit's rulings in *United States v. Adair,* 681 F.2d 1150 (9th Cir.1982), and *United States v. Carter,* 827 F.2d 546 (9th Cir. 1987). Both cases are unavailing. *Adair* held that a defendant's probation term ran concurrently with his prison term on other counts because the sentencing court was utterly *silent* as to when the probation term should commence. *Adair,* 681 F.2d at 1151. In such cases, the court held, "there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining count or counts." *Id.* The *Carter* court then relied on this presumption in holding that probation began with the commencement of the defendant's twenty-day prison sentence *on the same count* and thereafter ran concurrently with a parole term on other convictions. *Carter,* 827 F.2d 546, 548: Even if we were to adopt the Ninth Circuit's presumption, Flynn could not reap its benefit, because the district court, far from being silent as to when Flynn's probation term should commence, expressly made the probation term consecutive to his Count I sentence.