

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2003

# USA v. Cook

Precedential or Non-Precedential: Precedential

Docket 02-2313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Cook" (2003). *2003 Decisions.* Paper 501.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/501

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed May 19, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2313

UNITED STATES OF AMERICA,

v.

SCOTT COOK,
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 88-cr-00223-1)
District Judge: Honorable Lowell A. Reed, Jr.

Submitted under Third Circuit LAR 34.1(a)
April 8, 2003

Before: BECKER, *Chief Judge*,* BARRY, and BRIGHT,**
*Circuit Judges.*

(Filed: May 19, 2003)

---

* Judge Becker completed his term as Chief Judge on May 4, 2003.

** Honorable Myron H. Bright, Circuit Judge of the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

David L. McColgin, Esq.
Defender Association of Philadelphia
Federal Court Division
Curtis Center
Independence Square West
Suite 540 West
Philadelphia, PA 19106

Counsel for Appellant

Pamela Foa, Esq.
Office of United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Appellee

## OPINION OF THE COURT

BRIGHT, *Circuit Judge*.

Scott Cook pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, use of a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C. § 924(c), and possession of a destructive device, in violation of 26 U.S.C. § 5861(d). On November 7, 1988, the District Court sentenced Cook to a total of fifteen years imprisonment, consisting of a term of five years imprisonment on each count to run consecutively. Cook also received a five-year period of supervised release.

Cook's imprisonment ran from July 7, 1988 until August 18, 1994, when he was released to a halfway house. Cook obtained release from the halfway house on February 14, 1995, and was placed on parole. The U.S. Parole Commission terminated Cook's parole on July 22, 2000. That same month, according to the Probation Department, Cook's five-year period of supervised release began.

In December 2001, Cook's probation officer charged him with violating his supervised release based on conduct occurring during the summer and fall of 2001. At a

violation hearing on February 25, 2002, the District Court rejected Cook's argument that under the terms of 18 U.S.C. § 3624(e) his five-year supervised release period should have commenced on February 14, 1995, the day he was released from prison.[1] The Court then found that Cook violated his supervised release, revoked the release, and sentenced Cook to one year of supervised release, with a condition of three months home confinement with release for work and drug rehabilitation at an outpatient clinic.

Cook appeals the District Court's decision. We reverse and remand with instructions to vacate the District Court's order revoking Cook's supervised release and to dismiss the revocation petition with prejudice.

## I.  BACKGROUND

This case presents what is called a "window case." Cook's offense occurred after the effective date of the Anti-Drug Abuse Act of 1986 ("ADAA"), 21 U.S.C. § 841(b)(1)(C), which mandates supervised release for drug trafficking offenses, and before the effective date of the Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3551 *et seq.*, which abolished probation and imposed a system of supervised release for all federal crimes. Scott Cook's offense concluded on March 6, 1987. The ADAA went into effect on October 27, 1986, and the SRA went into effect on November 1, 1987.

Cook pled guilty on September 26, 1988. As noted, Cook obtained release on August 18, 1994 from prison to a halfway house, and then was paroled from February 14, 1995 through July 22, 2000. The Probation Department and the government calculated that Cook's term of five years supervised release began on July 22, 2000,[2] the date on which he completed his parole.

---

1. The District Court's discussion and application of 18 U.S.C. § 3624(e) appeared in its October 24, 2001 decision, which Cook did not appeal. In its February 28, 2002 decision, the District Court refused to permit Cook to "re-litigate" the issue of when his supervised release term began. The District Court's substantive discussion of the issue appeared only in its October 24, 2001 decision. Because the ground for this appeal is jurisdictional, Cook's failure to appeal the earlier decision does not affect our jurisdiction.

2. There is some discrepancy with regard to this date. The Notice of Discharge from Parole Supervision issued by the Probation Department

On September 27, 2000, Cook filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255. Cook argued that his five-year period of supervised release should have begun to run from the date of his release from the halfway house on February 14, 1995, and ended in the year 2000 prior to his alleged violation of supervised release. He filed essentially the same motion again on November 21, 2000. The District Court denied both motions. Cook did not appeal these decisions.

On December 5, 2001, Cook's probation officer filed a notice of supervised release violations from the summer and fall of 2001. After a hearing on February 25, 2001, the District Court revoked supervised release and sentenced Cook to one year supervised release with a condition of three months home confinement.

## II. DISCUSSION

In this appeal, Cook challenges the District Court's jurisdiction to revoke his supervised release. Whether the District Court had jurisdiction turns on our resolution of when Cook's term of supervised release began.

The statute in question, 18 U.S.C. § 3624(e), dealing with supervised release, states as follows:

(e) Supervision after release.— A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for *another offense* to which the person is subject or becomes subject during

indicates that parole was terminated on July 11, 2000, and the five-year term of supervised release began on the same date. For the purposes of this opinion, we will accept that parole supervision terminated on July 22, 2000.

the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. (emphasis added).

The District Court recognized that the Fifth and Tenth Circuits have ruled in similar cases that the plain language of § 3624(e) requires that parole and supervised release run concurrently. *See United States v. Lynch*, 114 F.3d 61 (5th Cir. 1997); *United States v. Reider*, 103 F.3d 99 (10th Cir. 1996). Both Courts recognized that the language of § 3624(e) is clear, direct, requires no interpretation and does not bring about an absurd result, and therefore courts must abide by the dictates of the statute, which requires that the prisoner's supervised release begins on the day he is released from prison. However, the District Court opted not to follow these decisions because, in its view, those two Circuits did not have the benefit of the Supreme Court's decision in *United States v. Johnson*, 529 U.S. 53 (2000).

In *Johnson*, the Supreme Court addressed the question of whether a defendant's term of supervised release should be calculated from the date he should have been released from prison, or from the date he was actually released. Although the defendant had served two and one-half years excess prison time, the Court held that his term of supervised release began on the date he was released from prison, rather than the date he should have been released from prison. The Court relied on the plain-meaning analysis of § 3624(e), which provides in part that the term of supervised release does not commence until the defendant is "released from imprisonment." *Johnson*, 529 U.S. at 27.

The District Court relied upon "guidance" from *Johnson* and focused on a secondary clause from § 3624(e), which states that a term of supervised release "runs concurrently with any Federal, State, or local term of probation or supervised release or parole for *another offense* to which the person is subject or becomes subject during the term of supervised release." (emphasis added). While the District Court recognized that Cook's parole was for the *same* offense as his supervised release, the District Court

concluded that "Congress intended to exclude from concurrency, parole and supervised release for the same offense."

The District Court erred in its analysis. As noted above, the statutory language is clear, direct, and requires no interpretation: "The term of supervised release commences on the day the person is released from imprisonment." *Reider*, 103 F.3d at 103; *see also Lynch*, 114 F.3d at 63. The secondary clause upon which the District Court relied is only applicable to situations in which the defendant has been sentenced on "another offense." Such is not the case here. In this case, the plain language applies.

The Supreme Court in *Johnson* did not address the question of when supervised release may run concurrently with another period of release, probation or parole for the same offense. Moreover, the *Johnson* holding does not undermine the reasoning of the Fifth or the Tenth Circuit. To the contrary, the Supreme Court's insistence that "the phrase 'on the day the person is released,' in the second sentence of § 3624(e), suggests a strict temporal interpretation" bolsters the positions taken by those Circuits and requires that Cook's supervised release began the day he was released from the halfway house. *Johnson*, 529 U.S. at 57.

The District Court lacked jurisdiction to revoke Cook's supervised release for violations in the summer and fall of 2001, because his supervised release ended in July 2000, five years after he was released from imprisonment.

For these reasons, we REVERSE and REMAND with instructions to vacate the District Court's order revoking Cook's supervised release and to dismiss the revocation petition with prejudice.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*