**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William A. SPANIARD, Defendant–
Appellant.**

**No. 02–5755.**

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Robert J. Washko, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Peter J. Strianse, Tune, Entrekin & White, Nashville, TN, for Defendant–Appellant.

Before BOGGS, Chief Judge, and SILER, Circuit Judge, and RICE, District Judge.*

## OPINION

RICE, Chief District Judge.

Appellant William Spaniard appeals the denial of his motion to correct sentence, brought pursuant to former Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35"), which stated: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[1] Appellant had his probation revoked by the District Court for the Middle District of Tennessee ("Tennessee court"), the court to which supervisory responsibility had been transferred from the sentencing court, the Northern District of Georgia ("Georgia court"). Appellant argues that his term of probation had already expired, such that there was no term of probation for the Tennessee court to revoke. For the reasons which follow, the order of the Tennessee court, denying Appellant's motion to correct sentence, shall be affirmed.

Because motions brought under Rule 35 arise within the context of the criminal action out of which the contested sentence arose, original jurisdiction existed in the Tennessee court under 18 U.S.C. § 3231, and our appellate jurisdiction exists under 28 U.S.C. § 1291.

---

* The Honorable Walter H. Rice, Chief Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

1. This rule is applicable with respect to offenses committed before November 1, 1987. The offenses at issue herein were committed in 1986.

## I. Statement of the Case and Factual Background

In August of 1987, Appellant pled guilty to two fraud-based offenses in the Georgia court, arising under 18 U.S.C. § 2314 (Count I) and § 513(a) (Count II), for which he was sentenced, on Count I, to eight years in prison, and, on Count II, to five years probation. The sentencing order read in pertinent part:

[Count I]  Eight (8) years ...

[Count II]  Imposition of sentence suspended and five (5) years probation to follow sentence imposed in [Count I] ...

The sentence imposed in [Count I] and [Count II] to commence to run as of December 19, 1986[,] and to run concurrent to sentence defendant now serving.

(J.A. at 018.)  Restitution was also made a term of his sentence on Count II.

The eight-year sentence on Count I was subsequently amended to seven years and 191 days. (*Id.* at 242.) After serving a portion of his prison sentence, Appellant was paroled on April 6, 1990. His parole was terminated early, on April 12, 1994. In December of 1996, the Tennessee court assumed supervision of Appellant's probation. In March of 1998, more than five years after his release from prison, but less than five years from the termination of his parole, Appellant's probation was revoked. The Tennessee court held a probation revocation hearing on March 30, following which it sentenced Appellant to a prison term of 108 months on Count II. On December 11, 1998, Appellant filed a *pro se* motion under former Rule 35 to correct his sentence (*id.* at 206), which he amended once (*id.* at 212). According to Appellant, the Tennessee court erred in interpreting the sentence imposed by the Georgia court as one under which his 5-year term of probation for Count II was to commence upon the conclusion of the term of parole which completed his sentence on Count I. The correct interpretation, he argued, was that his 5-year term of probation commenced upon his release from prison, concurrent with the commencement of his term of parole, and thus terminated on April 6, 1995, such that the Tennessee court had no term of probation to revoke as of March of 1998. The Tennessee court overruled his motion in May of 1999, accepting the Government's argument that his probation did not commence until the termination of his parole, on or about April 11, 1999. (*Id.* at 224 & 229.)

In January of 2001, Appellant was paroled on the balance of his 108-month sentence, but that parole was revoked by the Parole Commission in February of 2002, and he was again incarcerated. He filed a second Criminal Rule 35 motion in March of 2002, which was overruled by the Tennessee court in May of 2002. This appeal followed.

## II. Analysis

The district court's order overruling Appellant's motion is reviewed for abuse of discretion. *See United States v. Brummett,* 786 F.2d 720, 723 (6th Cir.1986).

All parties agree that, unfortunately, the sentencing order at the heart of this dispute is not the model of clarity. On the one hand, as to Count II, it states that Appellant is to be sentenced to "five (5) years probation *to follow* sentence imposed in [Count I]" (emphasis added), suggesting the intent was for the two sentences to run consecutively. On the other hand, following that, the order states the "sentence imposed in [Count I] and [Count II] to commence to run as of December 19, 1986," as if they were both to commence at the same time, and to run concurrently. Both Appellant and the Government argue that the terms of the order support their respective positions.[2]

2.  The Government also argues that Appellant waived his right to bring this appeal pursuant

748

The Government has the better of the argument. To begin, Appellant's argument is problematic on its face. He argues that the Georgia court intended his sentence of probation to run concurrent with his sentence of imprisonment (Appellant's Br. at 16–17), but then insists that what this actually means is that his sentence of probation was to commence upon his parole from prison, on April 6, 1990 (*id.* at 17, 21–22). The two parts of his argument are internally inconsistent, and help expose the weakness of his position. If it were truly intended that his sentence of probation was to run concurrently with his prison sentence, then the former would have terminated on December 18, 1991, five years after the commencement of his term of imprisonment, and long before his probation was revoked in 1994. That has never been his position, in either his original motion or the one currently at issue, and he acknowledged as much at oral argument. Though he states as his initial premise that the sentences were to run concurrently (*id.* at 16–17), that premise is immediately subsumed by his argument that "concurrent" was intended to mean "concurrent with the beginning of parole." In effect, his argument is that the sentencing judge had a mixed consecutive/concurrent sentence in mind in ordering probation on Count II: consecutive to his period of incarceration, but concurrent with an anticipated term of parole. Yet, the language used in the sentencing order, to wit: that the sentence of probation was "suspended," and that five years probation was "to follow" the sentence imposed on Count I, is difficult to read as meaning anything but that the sentences were to run consecutively.

Nevertheless, at oral argument, counsel elaborated upon Appellant's creative theory, arguing that the "to follow" language in the sentencing order indicated the Georgia court's intent that his term of probation be suspended only so long as he was in prison, its commencement "to follow," i.e., commence upon his release on parole. This argument is not persuasive. For one thing, it adds words to the sentencing order to give the word "suspended" a meaning that does not exist as a matter of plain English. Moreover, with respect to the order that "five (5) years probation" was "to follow *sentence* imposed in [Count I]" (emphasis added), case law from this and other circuits makes it clear that a sentence involving a term of custody entails both the period of actual incarceration and whatever period of parole is subsequently granted in lieu of the requirement that the defendant serve out his full term of imprisonment. We have made it clear that a paroled convict is not free, and continues to be "in custody" in furtherance of the sentence on which he has been paroled. *See United States v. Williams*, 15 F.3d 1356, 1359 n. 3 (6th Cir.), *cert. denied*, 513 U.S. 966, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994). We, as have other circuit courts, have also ruled that one's probation commences only after a convict has served all of his custodial sentence, whether by incarceration or by a term of parole. *See id.; see also United States v. Flynn*, 49 F.3d 11, 14 (1st Cir.1995); *United States v. Einspahr*, 35 F.3d 505, 506–07 (10th Cir.), *cert. denied*, 513 U.S. 1009, 115 S.Ct. 531, 130 L.Ed.2d 434 (1994). Thus, as stated in *Einspahr* and *Flynn*, the accepted rule is that a term of parole merely completes the "indivisible" sentence which is composed of

to a subsequent plea agreement on separate charges for which he was indicted in May of 1998. Apparently, in his plea, Appellant agreed to forego appealing his 108–month sentence, imposed at the revocation hearing on March 30, 1998, in exchange for the Gov-

ernment recommending that his sentence under the new charges run concurrent to said 108–month sentence. (J.A. at 302.) This argument was not raised below and will not be considered now.

it and the related period of incarceration which preceded it. Thus, unless stated otherwise by the sentencing court, a separate sentence of probation does not commence until the entire period of the first sentence, incarceration and parole combined, is completed. Appellant's argument cannot overcome this authority, and there is nothing in the sentencing order that indicates that his theory is what was intended by the Georgia court. (Indeed, there is nothing to indicate that the Georgia court even anticipated parole would be granted.)

Furthermore, the Government recommended in its pre-sentence report that Appellant be given five years probation on Count II to run "consecutive" to the eight-year prison sentence it recommended on Count I. (J.A. at 382.) There is no express indication that the Georgia court rejected this recommendation, and it was not an abuse of discretion for the Tennessee court to consider this point as probative evidence that the two sentences were intended to run consecutively. The best understanding of what the Georgia court meant in stating "[t]he sentence imposed in [Count I] and [Count II] to run as of December 19, 1986[,] and to run concurrent to sentence defendant now serving," is that the overall sentencing scheme, respecting both counts, was to relate back to December 19, 1986. It does not require the Court to view each count as commencing on that date, a reading which would bring the sentencing order into conflict with itself.

In supplemental briefing, Appellant cited *United States v. Cook*, 329 F.3d 335, 338 (3rd Cir.2003), in furtherance of his argument that his term of probation should have been understood as having commenced concurrently with the commencement of his parole. *Cook* is inapposite. In that case, the Third Circuit held that where a sentencing court sentences a defendant to a prison term to be followed by a term of supervised release (relating to the same charge), the supervised release commences on the date the defendant is actually released from prison, whether the release stems from the grant of parole or simply the termination of prison sentence. 329 F.3d at 338. The outcome was controlled by a statute not at issue in this case, 18 U.S.C. § 3624(e), which states in no uncertain terms that a term of supervised release commences on the date of actual release. That case did not concern a sentence of probation, the interpretation of which turns on the content of the sentencing order, not 18 U.S.C. § 3624(e). In short, *Cook* is neither apposite nor analogous.

In his favor, Appellant has adduced evidence that he began to make restitution payments in December of 1990. (*Id.* at 248.) This fact is relevant because restitution was imposed as part of his sentence on Count II. Arguably, he should not have been required to start making payments in 1990 if his term of probation was not to begin until April 12, 1994 (the date his term of parole was terminated and his term of probation, according to the Government, began). Nevertheless, even looking past the fact that nothing in the law, so far as counsel was able to relate at oral argument, precludes the early payment of restitution, this evidence demonstrates little more than that certain Government officials might have misinterpreted the sentencing order themselves; it does not overcome the language of the sentencing order itself or the Tennessee court's reasonable interpretation thereof.[3]

---

3. Appellant also argues that he was told by a parole officer that his parole and probation were running concurrently, but even if relevant, he cites only hearsay testimony to support his argument. (J.A. at 255.) He also cites a sentencing monitoring report which is no clearer than the sentencing order. (*Id.* at 244.) That report remarks that his probation

Appellant argues also that the Tennessee court's decision is erroneous because, by its own admission, the court erroneously relied on 18 U.S.C. § 3564 in reaching its decision on his original Rule 35 motion, which he filed *pro se.* That statute reads in pertinent part:

> *(a) Commencement.*—A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.
>
> *(b) Concurrence with other sentences.*— Multiple terms of probation, whether imposed at the same time or at different times, run concurrently with each other. A term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation. A term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days.

The Tennessee court, in ruling on the Criminal Rule 35 motion that is the subject of this appeal, recognized that 18 U.S.C. § 3564 was inapplicable to offenses committed before November 1, 1987, and that it should not have relied on that statute. Appellant interprets this as a prejudicial *ex post facto* application of the law. He argues that the terms of his sentence should have been interpreted in light of

former 18 U.S.C. § 4210(d). He is incorrect on both points.

Frankly, it was the principle set forth in *Williams, Einspahr* and *Flynn* (cited above and relied upon by the district court) that guided the Tennessee court's decision more than § 3564. (J.A. at 285.) Section 3564 did not add anything of substance to the Tennessee court's opinion, because, as is evident upon its face, far from elucidating the meaning of the Georgia court's order, that statute merely begs the question: on what date did the Georgia court intend the sentence of probation to commence? Only the sentencing order itself, read in light of the relevant case law, was, at the end of the day, helpful for purposes of answering the question.

■ Appellant is also wrong in arguing that § 4210(d) governed the analysis. That provision, now repealed, stated: "The parole of any parolee shall run concurrently with the period of parole or probation under any other Federal, State, or local sentence." Section 4210 in general concerned the jurisdiction of the United States Parole Commission, not the matter at issue herein, to wit: the terms of *probation* as defined by the sentencing court. All subsection (d) of that statute stated was that if parole or probation had been ordered in any *other* sentence, the parole as ordered by the Parole Commission would run concurrently therewith. That provision cannot be read in any reasonable fashion as stating that a sentencing judge's sentence of probation on one count

is "to follow" his prison sentence, but also remarks that his sentenced was imposed on "10–29–1987" and that his sentencing obligations are "concurrent" with each other. The problem with this evidence, as with the questionable statement of the parole officer, is that it was not prepared by the Georgia court itself and is therefore of limited relevance. The probation department's interpretation of the sentencing order certainly does not trump

the language of the order itself or the interpretation of same by the Tennessee court. More importantly, as noted, Appellant's argument, for better or for worse, is that his probation began to run when he was paroled, in 1990, not on the effective date of his sentence, in 1986, and nothing in the sentencing monitoring report he cites speaks to the concurrence of his term of parole and his term of probation.

charged in an indictment need automatically commence concurrent with the commencement of parole stemming from the sentencing judge's sentence of imprisonment on another count charged in the indictment. The case law cited above makes it clear that for this to be the case, the sentencing judge must state as much.[4]

### III. *Conclusion*

For the reasons stated, we hold that the Tennessee court did not abuse its discretion in overruling Appellant's Rule 35 motion. Accordingly, that court's order is AFFIRMED.

---

**4.** In subsequent briefing, Appellant cited *J.E.M. AG Supply, Inc. v. Pioneer Hi–Bred Intern., Inc.*, 534 U.S. 124, 144, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001), in furtherance of his argument that § 4210 governs whether his term of probation was to run concurrent with his release from prison/commencement of parole. *J.E.M.* stands for the unexceptional proposition that where two statutes overlap in their reach, each will be given effect, even in the area of overlap, so long as each also serves a distinct purpose in substantive legal areas which do not overlap. 534 U.S. at 144, 122 S.Ct. 593. Nothing in the case alters the reasoning set forth above.