GLD-135                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1024
_____

ROBERT PANTON,
                    Appellant

v.

WARDEN, USP Canaan


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-02517)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2011
Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 18, 2011)
_____

OPINION
_____

PER CURIAM

        Robert Panton, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania denying the petition that he

filed under 28 U.S.C. § 2241. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

In 1991, Panton was convicted in the United States District Court for the Southern District of New York of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin. See 21 U.S.C. § 846. According to Panton, the underlying offenses were committed between April 1987 and May 1989. He was sentenced to life imprisonment. See 21 U.S.C. § 841(b)(1)(A). His conviction and sentence were affirmed on direct appeal. See United States v. Lemon, 100 F.3d 942, 1996 WL 20520 (2d Cir. Jan. 19, 1996), cert. denied sub nom. Panton v. United States, 519 U.S. 853 (1996). In 1998, Panton filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied relief, and the United States Court of Appeals for the Second Circuit denied Panton's request for a certificate of appealability.[1]

In December 2010, Panton filed the present § 2241 petition, alleging that his "sentence should be ordered . . . to be parolable as a matter of law" and demanding that he be "immediately released." Panton notes that the Bureau of Prisons ("BOP") initially determined that he was eligible for parole, but later interpreted his sentence as non-parolable. Apparently, the BOP concluded that Panton was subject to the Sentencing Reform Act, which replaced "indeterminate sentences and the possibility of parole with

_____

[1] Panton next moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the District Court's denial of his § 2255 motion. The District Court denied the motion, as well as Panton's motion for reconsideration of the denial of his 60(b) motion.

2

determinate sentencing and no parole." Lyons v. Mendez, 303 F.3d 285, 288-89 (3d Cir. 2002) (quoting Walden v. U.S. Parole Comm'n, 114 F.3d 1136, 1138 (11th Cir. 1997)). The District Court dismissed the petition for lack of jurisdiction, concluding that Panton failed to demonstrate that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective" to test the legality of his detention. Panton appealed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Panton's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 119-20 (3d Cir. 2002). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective. Cradle, 290 F.3d at 539. To the extent that Panton challenges the validity of his sentence, we agree with the District Court that dismissal on jurisdictional grounds was proper. Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). But, to the extent that Panton alleged that the BOP is improperly executing his sentence, his claim was properly brought under § 2241. Lyons, 303 F.3d at 287 (reviewing, on appeal from denial of § 2241 petition, argument that application of

3

amendment to Sentencing Reform Act ("SRA") violated the constitutional prohibition against ex post facto laws); see also United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988) (stating that a "challenge to the Parole Commission's execution of a sentence is properly raised in a habeas corpus petition under" § 2241). Nevertheless, because his claim lacks merit, we will affirm the denial of the § 2241 petition.

Panton argues in essence that he is eligible for parole because the law in effect when he committed his offenses required the United States Parole Commission to set a release date within the applicable parole guidelines. We disagree. Before November 1, 1987, the terms of federal sentences were governed by the Parole Commission and Reorganization Act of 1976, which authorized the Parole Commission to award early release based on "positive institutional adjustment." Bledsoe v. United States, 384 F.3d 1232, 1233 (10th Cir. 2004). Under the Sentencing Reform Act, which became effective on November 1, 1987, parole was to be abolished and "prisoners were to serve uniform sentences under sentencing guidelines." Id.; see also United States v. Cook, 329 F.3d 335, 336 (3d Cir. 2003). Panton was convicted of participation in a conspiracy that lasted from April 1987 until May 1989. Conspiracy is a continuing offense, such that a conspirator "remains a participant in the agreement unless and until he communicates or otherwise objectively manifests a decision to renounce the agreement." United States v. Rosa, 891 F.2d 1063, 1069 (3d Cir. 1989). We have held that continuing offenses such as Panton's, which began before and continued after November 1, 1987, are subject to the Sentencing Guidelines. See id. at 1068-69; see also United States v. Story, 891 F.2d

4

988, 993-96 (2d Cir. 1989). Accordingly, relief is not available to Panton under his present theory of eligibility for parole.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Panton's § 2241 petition. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.